IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JACQUELINE MOSS,** ) | |
| ) | |
| Plaintiff, ) | CASE NO. _____ |
| ) | |
| v. ) | JURY TRIAL REQUESTED |
| ) | |
| **MEDLINE INDUSTRIES, LP,** ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

**COMES NOW** Jacqueline Moss ("Plaintiff" or "Ms. Moss") by and through her undersigned counsel of record to hereby file this complaint against Medline Industries, LP ("Defendant" or "Medline") as follows:

## I. JURISDICTION & VENUE

1. Ms. Moss files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Acts of Congress known as the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq.* to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination and retaliation against Plaintiff.

1

2. Ms. Moss filed a charge of disability discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") in Atlanta, Georgia on July 18, 2022. On September 26, 2022, Ms. Moss filed a second charge of disability discrimination and retaliation against Medline. The EEOC issued Ms. Moss two (2) right-to-sues for these charges on December 1, 2022, and December 2, 2022, giving Plaintiff the right to pursue her claims in federal court for 90 days after said receipt. (Exhibit A & B).

3. Venue is proper in the Atlanta Division of the Northern District of Georgia, since the Defendant is located in Douglas County, Georgia.

4. The Defendant may be served through its registered agent at Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

## II. PARTIES

5. The Plaintiff, Jacqueline Moss, is a citizen of the United States and a resident of Atlanta, Georgia. Ms. Moss is over the age of nineteen years.

6. The Defendant, Medline Industries, LP, is a manufacturer and distributor of healthcare supplies and services with a facility located in Douglas County, Georgia. At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III.  STATEMENT OF FACTS

7. Ms. Moss is a qualified individual with disabilities, as defined by the Americans with Disabilities Act ("ADA").  Specifically, Ms. Moss' disabilities include issues with her knees and sciatic nerve, high blood pressure, and depression.

8. Ms. Moss was hired by Medline on August 8, 2007, as a Warehouse Operator.  In early-2022, Ms. Moss was employed by Medline as a Warehouse Associate and an Operation Support Team Member.

9. On or about mid-February 2022, Ms. Moss informed Freddie Engram, Warehouse Supervisor, and James Ellis, Warehouse Supervisor, about her disabilities and her need for a reasonable accommodation.

10. On or about March 21, 2022, Ms. Moss was informed by Medline that she was approved for intermittent leave under the Family and Medical Leave Act ("FMLA") from March 10, 2022, through September 10, 2022.

11. After notifying Mr. Engram and Mr. Ellis of her disability, Ms. Moss was reassigned to Medline's Receiving Department using an order picker, which is like a forklift.  After being reassigned, Ms. Moss requested an accommodation of not operating an order picker.  Although Ms. Moss was reassigned to various locations, Medline consistently requested that Ms. Moss work in the Receiving Department using an order picker.

12. As a result of the continued requests that she use an order picker, on or about April 5, 2022, Ms. Moss contacted Angela Owens, Director of Human Resources, regarding the requests and her disabilities.

13. Shortly thereafter, on May 2, 2022, Ms. Moss received a performance correction notice from Mr. Engram for purported attendance issues.

14. Less that one month later, on May 27, 2022, Ms. Moss received a second performance correction notice from Mr. Engram for purported attendance issues.

15. On June 8, 2022, Mr. Engram issued Ms. Moss a third performance correction notice from Mr. Engram for purported attendance issues.

16. On or about July 5, 2022, Mr. Engram requested that Ms. Moss use an order picker. Ms. Moss reminded Mr. Engram of her physician's recommendation not to use the order picker, as it was a reasonable accommodation because of her disability.

17. The next day, on July 6, 2022, Mr. Ellis and Mr. Engram presented Ms. Moss with a final written warning for purported performance issues.

18. Ms. Moss avers that Medline's proffered reasons for issuing her four (4) disciplinary notices in less than three (3) months for attendance issues was pretextual and that they were actually issued in retaliation for requesting a reasonable accommodation and in retaliation for requesting leave under the FMLA.

Ms. Moss avers that Mr. Ellis and Mr. Engram were aware of her disabilities, accommodation requests, and FMLA leave at the time the correction notices were issued.

19. In addition, from March 26, 2022, through June 25, 2022, Medline issued Ms. Moss three (3) performance correction notices for purported productivity issues. In response, Ms. Moss notified Medline that she had not received the proper training for the position(s) to which she was assigned. Further, Ms. Moss avers that her productivity issues was the direct result of Medline's failure to provide her with a reasonable accommodation for her disabling conditions.

20. As a result of Medline's actions, on July 18, 2022, Ms. Moss filed a charge of discrimination against Medline with EEOC. In her charge of discrimination, Ms. Moss stated that Medline discriminated against her because of her documented disability and retaliated against her for engaging in protected activity in violation of the ADA.

21. Shortly thereafter, Ms. Moss was moved to Inventory, then subsequently reassigned to Shipping as a Floater. Ms. Moss avers that Medline had knowledge of her EEOC charge at the time she was moved and reassigned.

22. From July 2022 through August 2022, Ms. Moss repeatedly asked Levi Springs, Repack Supervisor, and Delafayette Hill, Shipping Manager, about

her productivity levels as she was concerned that being a floater could impact her ability to meet productivity. In response, Mr. Springs and Mr. Hill provided Ms. Moss with her productivity numbers. However, neither Mr. Springs nor Mr. Hill expressed any issues with Ms. Moss' productivity to her.

23. On or about September 2, 2022, in a meeting with Carl Celestine, Director of Operations; James Ellis, Manager; and Deidra Malone, Human Resources Manager; Ms. Moss was terminated for purported productivity issues. However, on the Georgia Department of Labor Separation Notice, Medline stated that Ms. Moss was terminated on August 26, 2022, for "Violation of Policy – Involuntary."

24. Based on the foregoing, Ms. Moss was subjected to illegal discrimination based on her disability and denied a reasonable accommodation, in violation of the ADA. Ms. Moss was also subjected to illegal retaliation, in violation of the ADA and the FMLA, when she was terminated by Medline after engaging in a protected activity. Any other reason(s) proffered by Medline for Ms. Moss' termination is pretextual.

25. A convincing mosaic of evidence exists to demonstrate that Ms. Moss was subjected to intentional discrimination and retaliation by Medline when it terminated her from her position of employment with the company. Further, Ms. Moss' protected activity motivated Medline's decision to terminate her from her

employment. Medline would not have terminated Ms. Moss but for her disability and/or her engaging in protected activity under the ADA and FMLA.

26. As a result of his Medline's actions, Ms. Moss has lost wages and benefits and incurred costs and attorney's fees. Ms. Moss has also suffered severe mental and emotional distress.

## IV.  PLAINTIFF'S  CAUSES OF ACTION

### COUNT ONE – DISCRIMINATION UNDER THE ADA

27. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 26 above, the same as if more fully set forth herein and further avers that the Defendant failed to accommodate Plaintiff's disability by willfully, and/or maliciously, denying Plaintiff a reasonable accommodation, due to Plaintiff's disability as above described.

28. Plaintiff also avers that Defendant's discrimination against her, due to her disability, violated the ADA, 42 U.S.C. § 12101, *et seq*.

29. Plaintiff has lost wages and benefits and suffered extreme mental anguish as a result of Defendant's actions.

30. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## COUNT TWO - RETALIATON UNDER THE ADA

31. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated Plaintiff's rights under the anti-retaliation provisions of the ADA, 42 U.S.C. § 12101, *et seq*.

32. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 26 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

33. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## COUNT THREE – RETALIATION UNDER THE FMLA

34. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated Plaintiff's rights under the anti-retaliation provisions of the FMLA, 42 U.S.C. § 2601, *et seq*.

35. Plaintiff avers that Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. Section 2611(4), and that Plaintiff is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. Section 2611(2).

36. Plaintiff avers that Defendant retaliated against Plaintiff for taking leave under the FMLA when it terminated her from her employment.

37. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 26 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's disability and denied her a reasonable accommodation, in violation of the ADA;

b) Judgment declaring that the Defendant subjected Plaintiff to illegal retaliation, in violation of the ADA;

c) Judgment declaring that the Defendant subjected Plaintiff to illegal retaliation, in violation of the FMLA;

d) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of discrimination and retaliation, effective from the date of final judgment;

e)  An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

f)  An award of punitive damages, due to the egregious nature of the color discrimination and retaliation practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

g)  An award of liquidated damages equal to Plaintiff's lost compensation plus interest, for violating the FMLA;

h)  An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

i)  Such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 27th day of February 2023.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/ *Chase Estes*

Chase Estes
HKM Employment Attorneys LLP
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: 205-855-5284
Email: cestes@hkm.com
Georgia Bar No. 485174

**Attorney for Plaintiff**

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1 (D) NDGa, the undersigned hereby certifies that this response complies with the font requirements of L.R. 5.1 (C) NDGa because this document has been prepared in Times New Roman, 14-point type.

                                        By: */s/ Chase Estes*
                                            Chase Estes
                                            Georgia Bar No. 485174